ANNE E. PIERONI, ESQ.
Nevada Bar No. 9650
apieroni@righthaven.com
*Counsel at Righthaven LLC*
IKENNA K. ODUNZE, ESQ.
Nevada Bar No. 9885
iodunze@righthaven.com
*Counsel at Righthaven LLC*
RIGHTHAVEN LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Tel.: (702) 527-5900
Fax: (702) 527-5909

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>          Plaintiff,<br>v.<br><br>CITADEL BROADCASTING COMPANY, a Nevada corporation; and MATT ALLEN, an individual,<br><br>          Defendants. | Case No.: 2:11-cv-00308<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Citadel Broadcasting Company, a Nevada corporation ("Citadel") and Matt Allen ("Mr. Allen"; collectively with Citadel known herein as the "Defendants") on information and belief:

///

///

1

## **NATURE OF ACTION**

1.      This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## **PARTIES**

2.      Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3.      Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4.      Citadel is, and has been at all times relevant to this lawsuit, a Nevada corporation.

5.      Citadel is, and has been at all times relevant to this lawsuit, identified by the current registrar, Corporate Domains, Inc. ("Corporate Domains"), as the registrant of the Internet domain found at <630wpro.com> (the "Domain").

6.      Citadel is, and has been at all times relevant to this lawsuit, identified by Corporate Domains as an administrative and technical contact of the Domain (the content accessible through the Domain and the Domain itself known herein as the "Website").

7.      Mr. Allen is, and has been at all times relevant to this lawsuit, an on-air radio show personality of the Website and employee of Citadel.

8.      Citadel is, and has been at all times relevant to this lawsuit, the self-proclaimed owner of the copyright(s) in the work(s) displayed on the Website, as evidenced by a copyright notice on the Website: "© 2011 CITADEL BROADCASTING COMPANY AND MEDIASPAN."

## **JURISDICTION**

9.      This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

10.     Righthaven is the owner of the copyright in and to the photograph entitled: "TSA Agent performs enhanced pat-downs" (the "Work"), attached hereto as Exhibit 1.

11.     The Defendants willfully copied the Work, on an unauthorized basis.

12.     On or about November 18, 2010, the Defendants displayed, and continue to display, an unauthorized copy of the Work (the "Infringement") on the Website, attached hereto as Exhibit 2.

13.     At all times relevant to this lawsuit, the Infringement, as publicly displayed on the Website was and is accessible in Nevada.

14.      At all times relevant to this lawsuit, the Infringement occurred and continues to occur in Nevada.

15.     The Defendants' display of the Infringement was and is purposefully directed at Nevada residents.

**VENUE**

16.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because the Defendants are subject to personal jurisdiction in Nevada.

17.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

18.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(c), because Citadel is subject to personal jurisdiction in Nevada.

/ / /

/ / /

/ / /

3

## **FACTS**

19.     The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(5).

20.     Righthaven is the owner of the copyright in and to the Work.

21.     The Work was originally published on or about November 18, 2010.

22.     On December 8, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number VA0001751279 (the "Registration") and attached hereto as Exhibit 3 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

23.     On or about November 18, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

24.     The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

25.     The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## **CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

26.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 25 above.

27.     Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

28.     Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

29.     Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

///

30.     Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

31.     The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

32.     The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

33.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

34.     The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

35.     Citadel has willfully engaged in the copyright infringement of the Work.

36.     Mr. Allen has willfully engaged in the copyright infringement of the Work.

37.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

38.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1.     Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly

infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2.      Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

a.      All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

b.      All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

c.      All financial evidence and documentation relating to the Defendants' use of the Work;

3.      Direct Corporate Domains, the current registrar, and any successor domain name registrar for the Domain, to lock the Domain and transfer control of the Domain to Righthaven;

4.      Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5.      Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6.      Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7.      Grant Righthaven such other relief as this Court deems appropriate.

/ / /

/ / /

/ / /

/ / /

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this 24th day of February, 2011.

RIGHTHAVEN LLC


By:  /s/ Anne E. Pieroni, Esq.
ANNE E. PIERONI, ESQ.
Nevada Bar No. 9650
apieroni@righthaven.com
*Counsel at Righthaven LLC*
IKENNA K. ODUNZE, ESQ.
Nevada Bar No. 9885
iodunze@righthaven.com
*Counsel at Righthaven LLC*
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Tel.: (702) 527-5900
Fax: (702) 527-5909
*Attorneys for Plaintiff*

7